UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GIANACOPOULOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:23-cv-00992 |
| v. | (SAPORITO, C.M.J.) |
| ACUITY, A MUTUAL INSURANCE COMPANY, et al., | |
| Defendants. | |

## MEMORANDUM

This matter is before the court on a motion for a protective order filed by one of the two defendants in this action, Acuity, A Mutual Insurance Company ("Acuity"). In its motion, Acuity seeks a protective order to prevent a noticed deposition seeking information with respect to an investigation by Acuity into a prior claim by the plaintiff for property loss due to water damage. For the reasons that follow, we will deny the motion.

I. FACTUAL BACKGROUND

This breach of contract case arises out of a fire that occurred on September 12, 2022, at 1124 Saint Ann Street in Scranton, Pennsylvania (the "Property"). The Property is owned by the plaintiff, John

Gianacopoulos. The plaintiff sought reimbursement for property loss resulting from the fire under an insurance policy—Policy No. Y88103-7—which he had obtained through an insurance agency, Joyce Jackman & Bell LLC d/b/a Joyce Jackman & Bell Insurors ("Joyce"), and the coverage of which was bound with Acuity.

Gianacopoulos purchased the Property in 1999. At that time, the Property was zoned as an office on the first floor and as an apartment on the second floor. Gianacopoulos initially used the first floor as an office space for his architectural business and the second floor as his apartment. He retained Joyce to obtain insurance for the Property, and Joyce recommended that Gianacopoulos bind coverage with Acuity, which Gianacopoulos did. The insurance policy that Gianacopoulos obtained through Joyce and Acuity covered single-family dwellings and two-family dwellings where the owner of the policy resided in one of the units. Beginning in 2010, Gianacopoulos's daughter began residing in the second-floor apartment with him.

In 2016, a plumbing leak occurred at the Property. Gianacopoulos sought reimbursement from Acuity for loss resulting from the leak. Acuity sent a third-party adjuster to inspect the Property, later accepting

coverage for the loss and making payment for damages sustained to the Property. Following this loss, Acuity continued to insure the Property.

By 2022, neither Gianacopoulos nor his daughter lived in the second-floor apartment, which Gianacopoulos had rented to Thomas Foley. After fire damaged the Property, Gianacopoulos sought reimbursement from Acuity. On October 14, 2022, Acuity advised Gianacopoulos that it had identified issues related to his coverage, and on March 18, 2023, Acuity denied coverage. Acuity gives five reasons for its denial of coverage: (1) Gianacopoulos was not residing at the Property when the fire occurred; (2) Gianacopoulos made material misrepresentations on his insurance application; (3) the definition of "residence premises" in the insurance policy was not met; (4) certain policy exclusions may apply; and (5) the "Fraud or Concealment" provisions of the policy were triggered, warranting retroactive rescission of the policy.

Gianacopoulos filed a civil action on May 19, 2023, alleging breach of contract and negligence against Acuity and Joyce, respectively. Doc. 1-3. Acuity removed the action to this court on June 16, 2023 on the basis of diversity jurisdiction. Doc. 1. Acuity filed its answer on June 21, 2023,

along with a counterclaim for declaratory judgment, requesting a declaration that the loss due to the 2022 fire was not covered by the insurance policy and that the policy was retroactively rescinded. Doc. 3. Gianacopoulos filed his answer to Acuity's counterclaim on August 9, 2023, asserting nine affirmative defenses, including the defenses of waiver, estoppel, and immaterial breach. Doc. 13, at 3.

Gianacopoulos contends that, after Acuity sent a third-party adjuster to investigate the Property in 2016, it was on notice that a portion of the Property was being used as an office, yet it continued to accept premiums paid on the policy. Doc. 22, at 8–9. In support of this contention, during pre-trial discovery, Gianacopoulos noticed the deposition of a corporate representative of Acuity, seeking discovery into "the Carrier's basis for denial in this claim, as well as facts related to Defendant Acuity's investigation of the previous water loss at the property and retention of documents attached thereto." Doc. 22-6, at 3. Acuity refused to produce a corporate deponent who could provide this information; instead, it offered only to produce a corporate representative, Dave Jostes, who was familiar with the insurer's denial of coverage for the 2022 fire claim, but who had no knowledge of the

previous water damage claim. *Id.* at 2. Gianacopoulos rejected this proposal and again requested to depose a corporate representative with knowledge of the earlier claim and related investigation. *Id.* at 1.

On January 29, 2024, we conducted an informal discovery conference with counsel to attempt a resolution of the dispute. The parties discussed potential limits to the scope of the requested deposition, but they were unable to reach a negotiated resolution. On February 12, 2024, Acuity filed the instant Rule 26(c) motion for a protective order, together with a brief in support. Doc. 22; Doc. 22-1. Gianacopoulos has filed a brief in opposition. Doc. 24. The matter is now ripe for disposition.

## II. LEGAL STANDARD

The scope of discovery in federal court is governed by Federal Rule of Civil Procedure 26. Rule 26 is to be construed liberally. *See Pacitti ex rel. Pacitti v. Macy's*, 193 F.3d 766, 766 (3d Cir. 1999); *see also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810 (W.D. Pa. 2016). Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

A motion for a protective order is governed by Rule 26(c) of the

Federal Rules of Civil Procedure. Rule 26(c) permits "[a] party or any person from whom discovery is sought [to] move for a protective." Fed. R. Civ. P. 26(c)(1). The Court may, for good cause, issue a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Acuity, as the party seeking the protective order, bears the burden of persuasion and must demonstrate a "particular need for protection" beyond a "[b]road allegation of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

### III. DISCUSSION

Acuity argues that the noticed deposition is irrelevant to the claims set forth in the complaint and disproportionate to the needs of the case. Doc. 22, at 8. Gianacopoulos argues, on the contrary, that the topics included in the noticed deposition are relevant to both his claims and Acuity's defenses. Doc. 24, at 4. Further, Gianacopoulos asserts that Acuity has not identified a specific harm that the noticed deposition would cause, and thus it has not met its burden for a protective order to be granted. *Id.* at 5–6.

### A. Relevance

In support of its argument that the disputed deposition is irrelevant, Acuity posits that any information related to the previous loss would only be germane to a claim regarding that past loss or to a claim of insurance bad faith, which Gianacopoulos has not pleaded. Doc. 22, at 8. Acuity argues that the only evidence relevant to Gianacopoulos's pending claims are Gianacopoulos's policy application and the terms of the policy itself, and that whether Acuity correctly denied coverage is a question of law for resolution on summary judgment. Doc. 22-1, at 8–9.

Gianacopoulos contends that the information sought, regarding the 2016 water damage claim, is relevant to the issue of whether Acuity had prior knowledge of the existence of a functioning office on the Property, upon which Acuity's denial of coverage was based. Doc. 24, at 11–12. In his complaint, Gianacopoulos has alleged that, after a third-party adjuster had inspected the Property and approved payment of the earlier water damage claim despite the presence of a professional office on the Property, Acuity continued to accept premium payments and insure the Property "with full knowledge of the use and occupancy of the property." Doc. 1-3, at 5. In opposition to this motion, Gianacopoulos argues that the

third-party adjuster functioned as Acuity's agent, and thus Acuity was on notice of the conditions that would inform its fire damage coverage determination six years later. Doc. 24, at 11–12.

Acuity cites case law in support of its position that the discovery sought is irrelevant to Gianacopoulos's breach of contract claim, but the decisions cited are inapposite. First, Acuity relies on *Wagner v. State Farm Mutual Automobile Insurance Co.*, No. 13-cv-6645, 2014 WL 12625750 (E.D. Pa. Feb. 21, 2014), to argue broadly that discovery related to claims handling is necessarily outside of the scope of a breach of contract claim. But the purpose of the deposition in *Wagner* was to inquire into a claim representative's handling of the very same claim for coverage that was at issue in that litigation. *Id.* at *1 n.1. Here, the purpose of the noticed deposition is to seek information regarding Acuity's investigation and consideration of an earlier water damage claim and whether, as a consequence, Acuity had notice or knowledge of the particular use or condition of the Property that informed its denial of coverage for the fire damage claim at issue in this case. It is well established that, when an insurer knows about the violation of a condition in its insurance policy but continues to accept premiums on that

policy, that condition may be considered as having been waived or estopped. *See St. Louis Fire & Marine Ins. Co. v. Witney*, 96 F. Supp. 555, 564 (M.D. Pa. 1951); *see also Principal Life Ins. Co. v. DeRose*, No. 08-CV-2294, 2011 WL 4738114, at *8 (M.D. Pa. Oct. 5, 2011).

Second, Acuity cites *Rau v. Allstate Fire & Casualty Insurance Co.*, No. 14-CV-00479, 2015 WL 3466134 (M.D. Pa. May 29, 2015), for the proposition that depositions in coverage cases are limited to the factual details surrounding the insurer's investigation and evaluation of the coverage claim at issue, and they cannot be used to discover the insurer's protected work product—i.e., documents and tangible things prepared in anticipation of litigation. *See generally* Fed. R. Civ. P. 26(b)(3). In the instant case, however, the plaintiff's deposition notice does not seek Acuity's protected work product. Gianacopoulos seeks only factual information related to the insurer's investigation into and determination to provide coverage for his previous water damage claim and its investigation into and determination to deny coverage with respect to his present fire damage claim. Gianacopoulos does not seek any materials prepared in anticipation of litigation or for trial, nor any other privileged

information or communications.[1] Moreover, as the plaintiff has noted in his brief, the court in *Rau* permitted the insured to inquire into the factual details of her insurer's investigation and evaluation of her claim for coverage. *See Rau*, 2015 WL 3466134, at *3; *see also* Doc. 24, at 13.

Accordingly, we find the requested discovery to be relevant.

### B. Proportionality

Acuity only addresses the issue of proportionality in passing. In the penultimate paragraph of its brief in support of its motion for a protective order, Acuity bootstraps on its argument with respect to relevance, asserting that, because the 2016 water damage claim is "wholly irrelevant to" and "simply has no bearing on" the 2022 fire damage claim at issue in this litigation, "the proposed deposition is disproportional to the needs of this case." Doc. 22-1, at 12.

As discussed above, we have found the disputed deposition to be relevant. Acuity has articulated no other argument on the proportionality issue, and it has failed to address any of the proportionality factors

---

[1] Even if Acuity discussed such information with counsel, the underlying facts remain discoverable. *See McSparran v. Pennsylvania*, No. 13-CV-1932, 2016 WL 687992, at *2 (M.D. Pa. Feb. 18, 2016) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)).

enumerated in the federal rules. *See* Fed. R. Civ. P. 26(b)(1) (providing that, in determining whether discovery is proportional to the needs of the case, we must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). As the party resisting discovery, Acuity must explain with specificity why the discovery is inappropriate— a boilerplate statement that the discovery sought is disproportionate is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Smith v. Rogers*, No. 15-cv-264, 2017 WL 544598, at *2 (W.D. Pa. Feb. 9, 2017); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980).

Accordingly, we find the requested discovery to be proportional.

### IV. CONCLUSION

For the forgoing reasons, Acuity's motion for a protective order will be denied. Acuity will be ordered to produce a corporate designee to testify with respect to Acuity's investigation of the previous water loss at the Property and retention of documents attached thereto. *See* Fed. R.

Civ. P. 26(c)(2).

The parties have not addressed in their motion papers whether an award of expenses is appropriate in connection with the disposition of this motion. *See* Fed. R. Civ. P. 26(c)(3); *see also* Fed. R. Civ. P. 37(a)(5). In light of the denial of Acuity's motion for a protective order, we are compelled to order Acuity to show cause why it should not be ordered to pay reasonable expenses incurred by the plaintiff in opposing the motion, including attorney's fees. In particular, the moving defendant's response should address whether the motion was substantially justified and whether other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5).

An appropriate order follows.


Dated: June 26, 2024            *s/Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                Chief United States Magistrate Judge